116

Samuel A. Lippitt
et als.
vs.
Weenat-Shassit
Association.

Eq. No. 2251.

February 9, 1931.

POULIOT, J. This is a bill in equity brought by the complainants to restrain the respondent from constructing, erecting or maintaining any building or other structure upon a way located on respondent's land and adjoining the land of the complainants. The complainants rely upon a provision in a deed from Charles Feke to Daniel Rogers dated September 9, 1791, recorded in Volume 4 of Land Evidence Records of Newport at page 427, the language of such provision being:

". . . that the Avenue, twelve feet and an half Wide at and upon Thames Street, and Eleven feet wide in the rear, fifty feet in length upon which the said Estate, late Joshua Saunders "deceas'd" bounds Northerly, leading heretofore, to the Mansion Dwelling house of the said John Cranston, now erased and destroyed, and separating between the Dwelling House of the said Joshua Saunders "deceas'd" and the Dwelling House of the late Doctor William Hunter, deceas'd, so far as the said Joshua Saunder's late Dwelling House extends, shall remain and be open, unoccupied or improved, with any building or edifice whereby the Windows in the said Joshua Saunders, late Dwelling House may be obstructed or injured . . ."

This provision is also contained in another deed of the same date from Charles Feke to Deborah Hunter conveying land part of which lies just north of the complainants' land and now belongs to the respondent and includes the way in question.

The next conveyance following the two above mentioned is a deed from William Hunter to Charles Feke dated August 4, 1809, about 18 years after the time the covenant of easement was first mentioned and the covenant does not appear in this deed, nor has it since ever been recited in any conveyance up to this time.

The building for whose protection the easement is claimed is located on the northeasterly corner of Thames and Mary Streets. It consists of stores on the ground floor with living and sleeping rooms on the upper floors. It has been that type of building as far back as living persons can remember, for about seventy years. The foundation walls are in sections, different as to material, location and period of construction. There is a part of one foundation wall which is unconnected with the supports of the present building, runs from north to south and has the appearance of being very old. A view of the premises was taken by the Court. The windows of the store which abut on the alleyway admit very little light and practically no air. These windows on the inside are covered with a translucent paper of colored design and were closed tightly, although the day was dry and warm. Shelving also has been installed along this wall and blocks the windows about two-thirds of the way up. On Mary Street, to the rear of the store building, is located a gambrel roofed house of the old Colonial type. This house, one witness recalled, at one time faced towards Thames Street. Whether or not this is the house to which reference is made in the covenant is impossible of determination.

The evidence, in conjunction with an examination of the premises, leads the Court to believe that the complainants have not, with any reasonable degree of certainty, proved that the present structure is substantially the building for whose benefit the easement was created. The fact that the easement has not been alluded to in over 100 years, together with the fact that the

building on the land has been a business block for 70 years or more, warrants the conclusion that, either because the original building has been entirely destroyed or because it has been so altered that no appreciable trace of its existence can be found, or because on account of the change in the character of the building the people interested in the easement have abandoned it, whatever easement may have been created has long been extinguished.

Therefore, the Court feels that from lack of sufficient evidence, the complainants have not proven their case by a fair preponderance of the evidence and the prayer of the complainants set forth in their bill of complaint is denied and dismissed.

For complainants: Moore & Curry.

For respondents: Levy & Sheffield & Harvey.